# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>CHRISTIAN NELSON FLORES BOHORQUEZ,<br><br>                    Defendant. | Case No. 21-cr-03429-BAS-1<br><br>**ORDER:**<br><br>**1. DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT (ECF No. 104); AND**<br><br>**2. DENYING MOTION TO APPOINT COUNSEL (ECF No. 105)** |

    The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who

"did not receive any criminal history points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1.  The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Christian Nelson Flores Bohorquez now files a Motion for Modification of Term of Imprisonment.  (ECF No. 104.)  The Court referred this case to Federal Defenders for an evaluation.  (ECF No. 107.)  Federal Defenders filed a status report concluding the Court "can decide the Motion on the existing record without the assistance of counsel."  (ECF No. 109.)

At the time of sentencing, Defendant was not a zero-point offender.  He had a prior drug-related conviction in the Middle District of Florida, which resulted in three criminal history points.  (Pre-Sentence Report ¶ 39, ECF No. 65.)  Further, the Court did not add any points for post-release status under the old U.S.S.G. § 4A1.1.  Although Defendant received a term of supervised release for his prior conviction, his supervised release expired several months before the current offense.  Therefore, neither Part A nor Part B of Amendment 821 applies.

Accordingly, because the new guideline amendments would not have changed the Court's sentencing guideline calculations, Defendant's Motion for Modification of Term of Imprisonment (ECF No. 104) is **DENIED**.  Further, in light of the determination made

1  by Federal Defenders, as well as the fact that Defendant is not entitled to relief, the Court
2  **DENIES** Defendant's request for appointment of counsel (ECF No. 105).

   **IT IS SO ORDERED.**

**DATED: May 2, 2025**

_[signature]_
**Hon. Cynthia Bashant, Chief Judge
United States District Court**